GEORGE *v.* WILLIAMS, administratrix, *et al.*

No. 9262. SEPTEMBER 14, 1933.

*Olin Hammock,* for plaintiff.

*H. A. Wilkinson* and *A. L. Miller,* for defendants.

BECK, P. J. This is an equitable suit, in which the plaintiff seeks injunction and the recovery of damages for trespass. The case also involves the question of title to certain described land. The jury returned a verdict for the defendants. The plaintiff made a motion for a new trial on the general grounds, and on two special assignments of error.

1. The evidence was conflicting, and the court did not err in overruling the general grounds of the motion.

2. In a special ground of the motion it is alleged that a witness for the movant offered to testify as follows: "R. L. Hart, the predecessor in title of the defendant Edna Williams, administratrix of the estate of Jack Williams, deceased, came to see witness relative to the title to the land in dispute in the suit. Witness was at

that time the owner of the land. R. L. Hart examined the deeds of witness to the land, and admitted that he (R. L. Hart) had no claim upon the land in dispute. Said R. L. Hart admitted that the title of plaintiff was good. Witness and said Hart were themselves upon the verge of a dispute concerning the title, and after examining the deeds said Hart abandoned the dispute." This testimony was offered for the purpose of showing an admission of defendant's predecessor in title, relative to the ownership of the land involved in the suit, and a declaration against interest of a deceased predecessor. It is alleged that the evidence would have benefited movant, and that its exclusion was hurtful and prejudicial to her, because it showed an admission of a predecessor in title of defendants or a declaration against interest of said deceased predecessor, and would have proved that this predecessor had abandoned any dispute concerning the land. The court did not err in ruling out this evidence. For, whether or not it was inadmissible because of the death of the predecessor in title referred to, it was properly rejected because it does not appear that at the time of making the admission referred to the party making it was in possession of the land; and the court will not look through the record to find whether there is other evidence to show that he was in possession.

3. Under all the facts of the case, the court did not err in refusing a new trial because of alleged newly discovered evidence.

*Judgment affirmed. All the Justices concur.*